IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-00474-FL

| | | |
|---|---|---|
| WILLIAM C. DILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BDI PHARMA INC., RICHARD J. | ) | |
| GATON, and EDWARD STIEFEL, JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for lack of personal jurisdiction and improper venue, alternatively motion to transfer venue. (DE 10). The motion has been fully briefed, and, in this posture, the issues raised are ripe for adjudication. For reasons addressed herein, defendants' alternative motion to transfer is granted and their motion to dismiss for lack of personal jurisdiction is denied as moot.

## BACKGROUND

Plaintiff initiated this action August 7, 2017, in the General Court of Justice, Superior Court Division, for Wake County, North Carolina, asserting claims against defendants for violations of North Carolina's Wage and Hour Act, N.C. Gen. Stat. §§ 95-25, et seq., alternatively claims for breach of contract. On September 18, 2017, defendants removed the action to this court on the bases of diversity jurisdiction. 28 U.S.C. § 1332.

On October 16, 2017, defendants BDI Pharma, Inc., ("BDI"), Richard Gaton ("Gaton"), and Edward Stiefel, Jr. ("Stiefel"), filed the instant motion to dismiss for lack of personal jurisdiction

and improper venue, alternative motion to transfer. Plaintiff filed response in opposition on December 16, 2017.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff is a resident of Wake County, North Carolina. Defendant BDI is a South Carolina corporation, with a principal place of business in Richland County, South Carolina. (DE 1-1, ¶ 2). Defendants Gaton and Stiefel are the co-owners and founders of defendant BDI and are both are citizens and residents of Richland County, South Carolina. (Id. ¶ ¶ 4, 6, and 10). At all relevant times herein, plaintiff was an employee of defendant BDI, which employment was controlled by defendants Gaton and Stiefel. (Id. ¶ ¶ 11).

In or around October 2014, plaintiff began working as the Chief Commercial Officer of defendant BDI. (Id. ¶ 15). As relevant to the instant dispute, pursuant to the terms of his employment agreement, plaintiff was entitled to participate in defendant BDI's 2015 bonus plan (the "plan"). (Id. ¶ 16). Under the plan's terms, plaintiff's bonus was based three factors: 1) defendant BDI's revenue; 2) defendant BDI's net income; and 3) plaintiff's achievement of his personal goals. (Id. ¶ 18).

On or about December 16, 2015, defendants terminated plaintiff's employment with defendant BDI. (Id. ¶ 29). According to plaintiff, defendants failed to pay him the bonus he was entitled to pursuant to the terms of the plan. (Id. ¶ ¶ 31–33). More specifically, plaintiff claims defendants failed to pay him a minimum bonus of $346,686.65. (Id. ¶ 34).

**COURT'S DISCUSSION**

Where defendants seek dismissal for lack of personal jurisdiction, this court can consider and resolve their alternative motion to transfer without first resolving their jurisdictional challenge. See e.g., Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962), The court does not need personal jurisdiction over defendants to transfer this matter pursuant to 28 U.S.C. § 1404. See id. (holding personal jurisdiction is not required to transfer a case pursuant to § 1406 transfers). Moreover, even were the court to address and find it lacks personal jurisdiction over defendants, it would not have to dismiss them as parties if the possibility remained that the action could be transferred to a district that has jurisdiction. See City of Virginia Beach, Va. v. Roanoke River Basin Ass'n, 776 F.2d 484, 488 (4th Cir. 1985) (holding district court lacked personal jurisdiction over certain defendant but remanding to determine whether transfer or dismissal was appropriate).

Pursuant to § 28 U.S.C. § 1404(a), a court may, for the convenience of the parties and in the interest of justice, order the transfer of a case to any district where it might otherwise have been brought. The question of transfer under § 1404 is one committed to the sound discretion of the district court. Southern Rv. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956).

This court previously has recognized that "[a] motion to transfer demands a holistic analysis." Memsys, Inc. v. Act Tech. Seed Fund, L.L.C., No. 5:09-CV-516-FL, 2010 WL 2402846 *2 (E.D.N.C. June 14, 2010). " 'Much necessarily must turn on the particular facts of each case, and . . . the trial court must consider and balance all the relevant factors to determine whether or not the litigation would proceed more conveniently and the interests of justice be better served by transfer to a different forum.' " Id. (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 15 Federal Practice & Procedure Jurisdiction § 3847 (3d ed.)).

In determining whether to transfer a case pursuant to 28 U.S.C. § 1404, courts consider the following factors: 1) plaintiff's initial choice of forum; 2) the residence of the parties; 3) the ease of access to the sources of proof; 4) the convenience of the parties and witnesses; 5) the cost of obtaining the attendance of the witnesses; 6) the availability of compulsory process; 7) the possibility of a view by the jury; 8) the enforceability of a judgment; 9) other practical problems that make trial expeditious and inexpensive; 10) the interest in having local controversies decided at home and at home with the state law that governs; and 11) the interests of justice. See Landers v. Dawson Constr. Plant. Ltd., 201 F.3d 436, at *2 (4th Cir. 1999) (unpublished table decision); Hardee's Food Sys. v. Rosenblatt, 44 F. Supp. 2d 767, 770 (E.D.N.C. 1998).

Plaintiff's initial choice of forum is an important factor and generally should not be disturbed unless the balance is tipped strongly in favor of defendants. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (discussing choice of forum in the context of forum non conveniens). Even if the plaintiff's choice of forum is inconvenient for defendants, "[t]he court should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another." Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc., 933 F. Supp. 507, 513 (M.D.N.C. 1986); see also Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). Nonetheless, the weight to be given to a plaintiff's choice of venue "varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256 (E.D.Va 1988). When the initial forum is not the site of the conduct giving rise to the complaint, plaintiff's choice of forum is given less weight. See e.g., Parham v. Weave Corp., 323 F. Supp. 670, 674 (M.D.N.C. 2004);

4

Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp. 2d 741, 743 (E.D. Va. 2003); Mims v. Proctor & Gamble Distributing Co., 257 F. Supp. 648, 656 (D.S.C. 1966).

Here, plaintiff's choice of forum in this district is not controlling. Although plaintiff resides in this district, the events giving rise to this action took place in the District of South Carolina. Additionally, all defendants reside in the District South Carolina and documentary evidence necessary to establish the parties' claims and defenses are located at defendant BDI's corporate headquarters, which is also located within the District of South Carolina. In light of the foregoing, it would be both less expensive and more efficient to transfer the case to that district.

Moreover, all defendants are amenable to personal jurisdiction in the District of South Carolina. (See DE 11 at 21 n.2). If the action remained in this forum, plaintiff likely would have to re-file in the District of South Carolina were the court to find personal jurisdiction lacking here. Thus, transfer is in the interests of justice.

On the basis of this record, the court finds that the instant case could originally have been brought in the District of South Carolina. As the convenience of the parties and witnesses and interests of justice favor transfer to that district, the court allows defendants' motion to transfer pursuant to 28 U.S.C. § 1404.

## CONCLUSION

Based on the foregoing, to the extent defendants seek to transfer this case to the District of South Carolina, the court GRANTS defendants' motion. (DE 10). The court DENIES AS MOOT defendants' motion to dismiss for lack of personal jurisdiction. (DE 10). The court ORDERS that this action is hereby TRANSFERRED to the United States District Court for the District of South

Carolina. The clerk is DIRECTED to send a certified copy of this order together with the case file to the Clerk of Court for the District of South Carolina.

SO ORDERED, this the 26th day of July, 2018.

                                                        LOUISE W. FLANAGAN
                                                      United States District Judge